IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                             MEMORANDUM

           Plaintiff,

                                                                             07-cr-26-jcs

     v.

TIMOTHY J. HAMPTON,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The Court of Appeals for the Seventh Circuit has remanded this case to allow the court to inform the court of appeals whether it wishes to resentence defendant Timothy J. Hampton differently in light of the Supreme Court's decision in <u>United States v. Kimbrough</u>, 128 S.Ct. 588 (2007).  During Judge Shabaz's medical leave, I will be responding to the court of appeals' request for sentencing information.

      Defendant was held responsible for 6.36 kilograms of cocaine base, which gave him a base offense level of 38 under the November 2007 version of the sentencing guidelines manual.  The same amount of powder cocaine would have given him a base offense level of 32.  Despite this obvious disparity, I am not persuaded that Judge Shabaz would have given

1

defendant a lower sentence had he believed himself free to do so or that a lower sentence would better carry out the purposes of sentencing in this case.

It is evident from a reading of the presentence report that the amount of drugs for which defendant was held accountable was just one part of the sentencing determination. Even more important was defendant's extensive criminal history, which indicated little if any possibility that defendant would ever deviate from the life of crime he had begun at age 10. Although defendant was only 25 at the time of sentencing, he had accumulated 21 criminal history points, despite having been in state prison for 31 months and in other state facilities for varying periods of time. He committed the instant offense while under state supervision. He had been undeterred by any imprisonment or institutionalization, returning to drug dealing almost immediately upon release. His crimes include escape, fleeing an officer, property offenses and domestic disputes.

In sentencing defendant to a term of 328 months or the midpoint of the guideline range, Judge Shabaz considered the need to hold defendant accountable for his continuing criminal activities, the need to protect the community from defendant, the deterrent effect of a long sentence, the value of achieving parity with the sentences of similarly situated offenders and the potential benefit to defendant of participating in programs for anger management and alcohol and drug addiction. It is evident from the judge's sentencing statement that he took into consideration the factors he believed were most important in

sentencing and that he would not have changed his sentence had he known that he was authorized to give consideration as well to the discrepancies in the sentences for crack and powder cocaine. In short, I am not inclined to resentence defendant in light of Kimbrough.

Entered this 15th day of July, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge